**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LEIDA MARCELINA PEREZ LOPEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-459-KC** |
| | § | |
| **TODD M. LYONS et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Leida Marcelina Perez Lopez's Petition for a Writ of Habeas Corpus, ECF No. 1, and Motion for Order to Show Cause ("Motion"), ECF No. 2. Perez Lopez is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 1. She argues that her detention is unlawful and asks the Court to order her release. *Id.* ¶¶ 50–81; *id.* at 19. She also requests that Respondents be prevented from removing her from the United States or transferring her outside of the District while her case remains pending. *Id.* at 19.

Perez Lopez has been in the country for approximately twenty-three years and was apprehended and detained by immigration authorities for the first time on February 1, 2026. *Id.* ¶¶ 20, 23. In 2024, Perez Lopez received a bona fide determination related to her pending U Visa application, and thus, a grant of deferred action and employment authorization. *Id.* ¶ 22. As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless

permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Perez Lopez's case warrant a different outcome.

Perez Lopez separately seeks an order requiring Respondents to show cause within three days, or, within additional time, not to exceed twenty days. Mot. 1. And argues that this is required because "[t]his case does not require complex or protracted investigation by Respondents." *Id.* at 2. However, Respondents must still investigate and confirm the facts alleged by Perez Lopez to properly prepare a response. Thus, an extended response deadline is warranted, and the Court exercises its discretion to extend Respondents' response deadline beyond the three-day limit. *See See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4.").

Accordingly, the Court **ORDERS** that Perez Lopez's Motion, ECF No. 2, is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than February 25, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Perez Lopez

from the United States, or (2) transfer Perez Lopez to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 18th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE