IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEIDA MARCELINA PEREZ LOPEZ, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-459-KC |
| § § | |
| TODD M. LYONS et al., § § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Leida Marcelina Perez Lopez's Amended Petition for a Writ of Habeas Corpus, ECF No. 4. Perez Lopez is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. Am. Pet. ¶ 1. She argues that her detention is unlawful and asks the Court to order her release. *Id.* ¶¶ 50–79; *id.* at 19.

Perez Lopez has been in the country for approximately twenty-three years, *see id.* ¶ 20, and was apprehended and detained by immigration authorities for the first time on January 31, 2026, *see* Resp. 4, ECF No. 5. Immigration authorities "received information about [Perez Lopez] because she was a suspect in a criminal sexual assault investigation," for which the local "District Attorney's Office denied prosecution due to issues with the police's investigation." Resp. 4. Perez Lopez is a recipient of deferred action and employment authorization pursuant to a bond fide determination of her application under the Deferred Action for Labor Enforcement ("DALE") program. Am. Pet. ¶ 23; Resp. 4. She also has a pending asylum application. Am. Pet. ¶ 22; Resp. 4.

In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Perez Lopez's] case appears materially indistinguishable from several others in which this Court has found a

procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Perez Lopez's case warrant a different outcome." *Id.* at 2.

Respondents argue that Perez Lopez's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Perez Lopez argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory and constitutional due process grounds.  Am. Pet. ¶¶ 50–79.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Perez Lopez's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Perez Lopez's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–24, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 674–88 (W.D. Tex. 2025).  Because Respondents have not identified any material differences between Perez Lopez's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Perez Lopez's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Perez Lopez's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, <u>**on or before March 5, 2026**</u>, Respondents shall either: (1) provide Perez Lopez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Perez

---

[1] To the extent there are fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Perez Lopez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

3

Lopez's continued detention; or (2) release Perez Lopez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before March 5, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Perez Lopez has been released from custody. If Perez Lopez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Perez Lopez is released from custody, Respondents shall **RETURN** all of her personal property in their custody to her upon release. Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the March 5, 2026, deadlines**</u>.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 26th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE